IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YVONNE AVERHART, | ) |
|       Plaintiff, | ) |
| v. | ) |
| COOK COUNTY SHERIFF'S DEPARTMENT, MICHAEL SHEEHAN, SHERIFF OF COOK, JAMES P. NALLY, ROBERT F. HOGAN, MICHAEL D. CAREY, ARTHUR R. WADDY, MARYNELL O. GREER, DONALD J. STORINO, BRYON BRAZIER, BRIAN J. RIORDAN, DANIEL J. LYNCH, JEROME F. MARCORNI, GEORGE P. CAHILL, COOK COUNTY SHERIFF'S MERIT BOARD and COUNTY OF COOK, | ) |
|       Defendants. | ) |

## COMPLAINT

1. The Plaintiff brings this federal civil rights complaint within 90 of days of her receipt of an August 20, 2010 right to sue letter from the EEOC in connection with a charge of discrimination she recently filed against the Cook County Sheriff's Merit Board.

2. Plaintiff alleged in the EEOC that her termination did not become effective until December 2009, after the Illinois Supreme Court denied her petition seeking reversal of the Merit Board decision under the Illinois Administrative Review Act. Because Plaintiff is required under state and federal law to exhaust all possible administrative remedies, Plaintiff contends that even though her discharge was deemed

1

effective May 2003, both her charge and this complaint are timely-filed.

3. The Merit Board's decision of April 2006 terminating Plaintiff was being appealed in litigation for over 3 years. It was not until December 2009, after Plaintiff's appeals were exhausted that the decision became final.

4. Plaintiff attempted to assert federal claims in the state court action, along with the administrative review, but the state court failed to hear or consider them.

5. Jurisdiction is appropriate in this Court because Plaintiffs claims arise under federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. 20003.

6. Venue is appropriate in this District because the acts and transactions complained of occurred primarily in this district.

## COUNT I

### Violation of Title VII of the Civil Rights Act of 1964 (42 USC 20003 et seq.) - Racial Discrimination

7. Defendant Cook County Merit Board is run by the Sheriff of Cook County. It is not a separate body and thus is falls within the definition of employer.

8. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. in that Defendants terminated Plaintiff based on her race, and in retaliation for her activities

9. A database of decisions rendered by the Merit Board provides statistical evidence of the disparate treatment among the different races employed by the Cook County Sheriff=s Department.

10. Plaintiff exhausted her administrative remedies.

**WHEREFORE, Plaintiff, YVONNE AVERHART, requests that judgment be**

**entered in her favor and she be awarded: (a) compensatory damages, including back pay, benefits, and emotional distress damages; (b) reinstatement, or in the alternative, front pay; (c) reasonable attorneys fees, litigation costs and expenses; and (d) punitive damages in an appropriate and constitutional amount all other appropriate legal, equitable and statutory remedies as the interests of justice require.**

### *COUNT III*

*Violation of Title VII of the Civil Rights Act of 1964 (42 USC 20003 et seq.)*
*Sex Discrimination*

11. Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. in that Defendants terminated Plaintiff based on her sex, and Plaintiff is treated differently and more harshly than similarly situated while an officer of the Sheriff=s Department and Cook County Department of Corrections.

12. A database of decisions rendered by the Merit Board provides statistical evidence of the disparate treatment between male and female employees of the Cook County Sheriff=s Department.

13. Plaintiff exhausted her administrative remedies.

**WHEREFORE, Plaintiff, YVONNE AVERHART, requests that judgment be entered in her favor and against Defendant and that she be awarded: (a) compensatory damages, including back pay, benefits, and emotional distress damages; (b) reinstatement, or in the alternative, front pay; (c) reasonable attorneys fees, litigation costs and expenses; and (d) punitive damages in an appropriate and constitutional amount all other appropriate legal, equitable and statutory remedies as the interests of justice require.**

### COUNT III
### *Violation of Title VII of the Civil Rights Act of 1964 (42 USC 20003 et seq.)*
### *- Retaliation*

14. Defendant committed acts of retaliation in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. in that Defendant terminated Plaintiff for asserting her rights as provided in said Civil Rights Act of 1964.

15. Plaintiff was engaged in a protected activity by speaking out against sexual harassment and filing EEOC charges and lawsuits against Cook County Sheriff=s Department, Michael Sheahan, Cook County Sheriff, in his official capacity, and members of the Merit Board.

16. Plaintiff was retaliated against by the Merit Board for speaking out against race and sex discrimination and filing a federal lawsuit on these grounds.

17. There is a casual connection between Plaintiff's engaging in protected activity and her suspension and subsequent terminations.

18. On information and belief the Cook County Sheriff=s Merit Board holds animus against employees who file charges and/or lawsuits against the Cook County Sheriff's Department and is more likely to terminate such individuals in retaliation, as they did the Plaintiff.

19. Plaintiff has suffered damages as a result of Defendant's wrongful conduct.

**WHEREFORE, Plaintiff, YVONNE AVERHART, requests that judgment be entered in her favor and against Defendant and that she be awarded: (a) compensatory damages, including back pay, benefits, and emotional distress damages; (b) reinstatement, or in the alternative, front pay; (c) reasonable attorneys fees, litigation costs and expenses; and (d) punitive damages in an appropriate and constitutional amount all other appropriate legal, equitable**

**and statutory remedies as the interests of justice require.**

## COUNT V
### Violation of Section 1983

20. Plaintiff incorporates and re-alleges paragraphs 1-19 into this count.

21. Defendants, and each of them, acted under color of state law when they sought to terminate Averhart. Defendants violated Section 1983 in that Averhart was deprived of equal protection of the laws as guaranteed by the Fourteenth Amendment in that statistical evidence from the Sheriff's discipline database demonstrates that African Americans and women are more likely to be terminated than similarly-situated white, male employees.

**WHEREFORE, Plaintiff, YVONNE AVERHART, requests that judgment be entered in her favor and against Defendant and that she be awarded: (a) compensatory damages, including back pay, benefits, and emotional distress damages; (b) reinstatement, or in the alternative, front pay; (c) reasonable attorneys fees, litigation costs and expenses; and (d) punitive damages in an appropriate and constitutional amount all other appropriate legal, equitable and statutory remedies as the interests of justice require.**

## COUNT VI
### Violation of Section 1983

22. Plaintiff incorporates and re-alleges paragraphs 1-19 into this count.

23. Section 1981 provides that "all persons . . . shall have the same right . . . to make and enforce contracts, . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Although section 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical. *Von Zuckerstein v. Argonne Nat'l Laboratory*, 984 F.2d 1467, 1472 (7th Cir.), cert.

5

denied, 510 U.S. 959, *Johnson v. City of Fort Wayne*, 91 F.3d 922, 940 (7th Cir. 1996).

**WHEREFORE, Plaintiff, YVONNE AVERHART, requests that judgment be entered in her favor and against Defendant and that she be awarded: (a) compensatory damages, including back pay, benefits, and emotional distress damages; (b) reinstatement, or in the alternative, front pay; (c) reasonable attorneys fees, litigation costs and expenses; and (d) punitive damages in an appropriate and constitutional amount all other appropriate legal, equitable and statutory remedies as the interests of justice require.**

### Count VII

### Common Law Retaliatory Discharge

24. Plaintiff incorporates and re-alleges paragraphs 1-19 into this count.

25. Defendants discharged Plaintiff in retaliation against her activities in violation of the clearly-mandated policies in Illinois against discrimination and bias and in favor of employees who speak-out against public corruption.

26. Defendants' conduct in enforcing a code-of-silence by terminating employees who speak out against fraud, corruption and abuse in our public bodies, including law enforcement bodies such as the Sheriff's department, violates the clearly mandated policies in Illinois.

27. Plaintiff was damaged as a direct and proximate result of Defendants' retaliation in that she lost wages and other benefits, continues to lose wages and other benefits, and suffered emotional distress.

**WHEREFORE, Plaintiff, YVONNE AVERHART, requests that judgment be entered in her favor and against Defendant and that she be awarded: (a) compensatory damages, including back pay, benefits, and emotional distress**

**damages; (b) reinstatement, or in the alternative, front pay; (c) reasonable attorneys fees, litigation costs and expenses; and (d) punitive damages in an appropriate and constitutional amount all other appropriate legal, equitable and statutory remedies as the interests of justice require.**

                                            Respectfully Submitted,
                                            YVONNE AVERHART,
                                            Plaintiff[1]

                                            s/ Yvonne Averhart

8420 South Aberdeen St.
Chicago, Il. 60620
(312) 804-9354

---

[1] This complaint was prepared with the assistance of Yverhart's prior counsel, Chris Langone, and is being filed electronically by Langone for Averhart in order to meet the 90 day limitations period. At this time Averhart will seek to proceed pro se, and Langone is considering in what capacity, if any, he can be involved in this case as he has ceased the full time practice of law in Illinois and is pursuing a doctoral degree at Cornell Univeristy.