

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 7444 | DATE | 9/11/2012 |
| CASE TITLE | Yvonne Averhart vs. Cook County Sheriff, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Cook County Sheriffs' Merit Board and Individual Merit Board Members' Motion to Dismiss the Amended Complaint [29] is granted.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Plaintiff Yvonne Averhart ("Plaintiff") sues Cook County Sheriff's Merit Board (the "Merit Board") and its members James P. Nally, Robert F. Hogan, Michael D. Carey, Arthur R. Waddy, Marynell O. Greer, Jerome F. Marconi, Jr., Donald J. Storino, Byron Brazier, Brian J. Riordan, Daniel J. Lynch, and George P. Cahill (collectively, the "Merit Board Defendants"), Cook County Sheriff's Department, Thomas Dart, Sheriff of Cook County, and Cook County for race discrimination, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, violations of 42 U.S.C. § 1983, and common law retaliatory discharge. Before the Court is the Merit Board Defendants' motion to dismiss. For the following reasons, the motion is granted.

    To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in her favor." Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., 657 F.3d 496, 502 (7th Cir. 2011) (internal quotation marks and citation omitted). However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ray v. City of Chi., 629 F.3d 660, 662 (7th Cir. 2011) (internal quotation marks and citation omitted). Further, a plaintiff may plead herself out of court by "pleading facts that show that [s]he has no legal claim." Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted). "Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (internal quotation marks and citation omitted).

    The Merit Board Defendants argue that Plaintiff's Title VII claims should be dismissed because the Merit Board was not Plaintiff's employer. See Smith v. Bray, 681 F.3d 888, 896 n.2 (7th Cir. 2012) ("Title VII . . . authorizes suit only against the employer as an entity rather than against individual people who are agents of the employer."). The Merit Board Defendants argue that, as an officer of the Sheriff's Department and Cook County Department of Corrections, Plaintiff's employer was the Sheriff. Plaintiff, however, argues that whether the Merit Board constitutes an "employer" under Title VII is an open question in this Circuit. To support this argument, Plaintiff relies on Horton v. Jackson County Board of County Commissioners, No. NA

## STATEMENT

01-0170-C-D/S, 2001 WL 1691536, at *2 (S.D. Ind. Nov. 28, 2001). In Horton, the court opined that whether liability under Title VII would attach to an Indiana law-enforcement Merit Board was an open question of fact based upon the Board's influence or control, if any, over the plaintiff's employment opportunities. Id. (citing Alexander v. Rush N. Shore Med. Ctr., 101 F.3d 487, 493 n.2 (7th Cir. 1996)).

The Court, however, declines to apply this de facto/indirect theory of liability here. "Identification of an 'employer' under Title VII is a question of federal law." Carver v. Sheriff of LaSalle Cnty., Ill., 243 F.3d 379, 382 (7th Cir. 2001) (citing Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754-55 (1998)). It is clear that Plaintiff's remedy, if any, is against her direct employer, the Sheriff. As such, Plaintiff's claims against the Merit Board Defendants are properly dismissed as duplicative. See Thanongsinh v. Bd. of Educ., 462 F.3d 762, 771 n.7 (7th Cir. 2006). Moreover, this is not a case "in which the defendant so far controlled the plaintiff's employment relationship that it was appropriate to regard the defendant as the de facto or indirect employer." EEOC v. State of Ill., 69 F.3d 167, 169 (7th Cir. 1995); see also Hernandez v. Valet Parking Serv., Inc., No. 04 C 7559, 2005 WL 2861054, at *5 (N.D. Ill. Oct. 27, 2005)). The Sheriff—not the Merit Board—maintains the officers of the Sheriff's department. 55 ILCS 5/3-7001. Additionally, the Sheriff is responsible for filing written charges against officers prior to any removal, demotion, or suspension. Id. § 3-7012. The Merit Board provides the accused a full opportunity to be heard in her own defense and to produce proof of her defense. Id. But if the Merit Board makes a finding of guilty, it is the Sheriff who directs removal or other punishment. Id.

Indeed, Plaintiff makes no allegations that plausibly suggest that the Merit Board or its members acted as her employer. Plaintiff alleges only that the Merit Board is "not a separate body" from the Sheriff and "thus falls within the definition of employer." Am. Compl. ¶ 7. The Court rejects this unsupported legal conclusion. "The Sheriff is an independently-elected constitutional officer who answers only to the electorate, not to the Cook County Board of Commissioners." Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989). In contrast, the Merit Board consists of members appointed by the Sheriff with the advice and consent of the County Board. 55 ILCS 5/3-7002. The Merit Board, as an administrative agency, exercises "purely statutory powers and possess no inherent or common law powers." O'Grady v. Cook Cnty. Sheriff's Merit Bd., 632 N.E.2d 87, 91 (Ill. App. Ct. 1994) (citation omitted). Because the Merit Board was not Plaintiff's employer under Title VII, her claims against the Merit Board Defendants are dismissed.

Likewise, Plaintiff's common law retaliation claim is dismissed against the Merit Board Defendants. See Buckner v. Atl. Plant Maint., Inc., 694 N.E.2d 565, 569-70 (Ill. 1998) (holding that the only proper defendant in a retaliatory discharge action is the plaintiff's former employer). Similarly, Plaintiff's § 1983 claim against the Merit Board Defendants premised on 42 U.S.C. § 1981 is also dismissed. Section 1981 provides equal rights under the law to "make and enforce contracts." Because Plaintiff fails to allege a plausible employment relationship with the Merit Board, there is no contractual relationship between the two parties, and therefore no basis for Plaintiff's claim against the Merit Board Defendants. See Ulmer v. Elkhart Cnty., No. 3:02 CV 0560 PPS, 2005 WL 1910909, at *4 (N.D. Ind. Aug. 9, 2005).

Finally, to the extent that Plaintiff's § 1983 equal protection claim is brought against the Merit Board Defendants, the claim is duplicative of her claim against the Sheriff and is therefore dismissed. See Thanongsinh, 462 F.3d at 771 n.7. In any event, Plaintiff concedes that she is suing the Merit Board members in their official capacity, which is essentially an action against the state entity by which the state officers are employed, i.e., the Merit Board. Kentucky v. Graham, 473 U.S. 159, 166 (1985). It is clear, as the Merit Board Defendants argue, that there is a Monell v. Department of Social Services, 436 U.S. 658 (1978), deficiency here. "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (quoting Monell, 436 U.S. at 691). Plaintiff makes no such allegation. Thus, this claim is dismissed.

For the foregoing reasons, the Merit Board Defendants' motion to dismiss Plaintiff's Amended Complaint is granted. IT IS SO ORDERED.